IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40930
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS CHAVEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-294-1
--------------------
April 26, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Chavez appeals his guilty-plea conviction for illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326. He argues that in view of Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000), his prior felony conviction was an element of the offense under 8 U.S.C. § 1326(b)(2), and not merely a sentence enhancement. He acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998), but states that he is preserving it for possible Supreme Court review because the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court indicated in Apprendi that Almendarez-Torres may have been wrongly decided.  Because the Supreme Court has not overruled Almendarez-Torres, this court is compelled to follow it.  See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, ___ U.S.L.W. ___ (U.S. Feb. 26, 2001), 2001 WL 77067 (No. 00-8299).

Chavez also argues that the indictment was defective under the Fifth and Sixth Amendments because it did not allege general intent.  Because Chavez did not challenge his indictment in the district court, we review whether it was constitutionally sufficient under a "maximum liberality" standard.  See United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000). Chavez's indictment "fairly imported that his reentry was a voluntary act" and satisfied the constitutional requirements of a valid indictment.  See id. at 236, 239 & n.13.

Accordingly, the judgment of conviction is AFFIRMED.